Kenneth H. Brown (CA Bar No. 100396)
Miriam Manning (CA Bar No. 178584)
Gail S. Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: kbrown@pszjlaw.com
         mmanning@pszjlaw.com
         ggreenwood@pszjlaw.com

Counsel for E. Lynn Shoenmann,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>WAUKEEN QUANDRICO MCCOY,<br>　　　　　　　Debtor. | Case No.: 14-30381<br>Chapter 7 |
| E. LYNN SCHOENMANN, Trustee,<br>　　　　　　　Plaintiff,<br>　vs.<br>BALBINA NEPOMUCENO,<br>　　　　　　　Defendant. | Adv. Proc. No.: 15-03070<br>**CHAPTER 7 TRUSTEE'S STATUS CONFERENCE STATEMENT**<br>Date: April 12, 2016<br>Time: 2:00 a.m.<br>Place: U. S. Bankruptcy Court<br>　　　235 Pine Street, 22nd Floor<br>　　　San Francisco, CA<br>Judge: Honorable Hannah L. Blumenstiel |

　　　　E. Lynn Schoenmann, the Trustee ("Trustee") of the chapter 7 estate of Waukeen Quandrico McCoy ("Debtor") submits the following status conference statement and requests that the Court dismiss the adversary proceeding.

**FACTUAL BACKGROUND**

　　　　1.　　　The Trustee initiated this adversary proceeding on August 27, 2015 by filing a complaint seeking relief pursuant to section 363(h) of the Bankruptcy Code for the sale of residential property in San Francisco, California (the "Property") that is held in joint tenancy by the Debtor and

defendant Balbina Nepomuceno ("Defendant").  The Trustee concurrently filed a motion for summary judgment.

2. On September 21, 2015, the Trustee and Defendant entered a stipulation which provided for the relief sought in the adversary proceeding and enabling the Trustee to sell the Property free and clear of the interest, if any, of the Defendant pursuant to Bankruptcy Code section 363(h), with Defendant's interest in the Property, if any, attaching to the proceeds of the sale. [Docket No. 14].

3. The Court approved the stipulation [Docket No. 15] and ordered by docket entry that the Trustee dismiss the adversary proceeding within 45 days of any sale of the Property.

## THE SALE OF THE CLAYTON PROPERTY TO THE DEBTOR

4. On March 24, 2016, the Trustee filed a *Motion for Order Approving Sale of Clayton Property Free and Clear of Liens Subject to Overbid* [Main Docket No. 385] ("Sale Motion").  The Sale Motion was scheduled for hearing on April 21, 2016 at 10:00 a.m., the same day as the status conference in this matter.  At the hearing, the Court approved the Sale Motion modified, in part, to provide for the sale of the estate's 50% interest in the Clayton Property to the Debtor rather than a sale that would include the Defendant's interest in the Property.  On April 25, 2016, the Court entered an *Order Approving Trustee's Sale of Estate's Interest in Clayton Property to Debtor, Subject to All Liens* [Docket No. 414] (the "Sale Order") approving the Trustee's sale of the estate's 50% interest in the Clayton Property to the Debtor.

5. At the hearing on April 21, 2016, the Court also requested that the Trustee to submit a status conference in this case to advise whether the Debtor had remitted payment of the amounts due under the Sale Order and related Purchase and Sale Agreement.  The Debtor has timely remitted payment of the purchase price, in the aggregate amount of $210,500, as required by paragraph 3 of the Sale Order and related Purchase and Sale Agreement.[1]

---

[1] The Debtor remitted the amounts due under the Order and underlying Purchase and Sale Agreement "under protest" and has filed a motion for reconsideration wherein he challenges the Trustee's payment of the commissions due to her broker, Mark Benson, from the sale proceeds.

6. At the hearing on April 21, 2016, the Court also stated that it would grant the relief from stay motion filed by US Bank National Association. However, no order granting the requested relief has been entered at this time.[2]

**REQUEST FOR DISMISSAL**

7. Now that the estate's 50% interest in the Property has been sold, the Trustee requests that the adversary proceeding be dismissed, with each party to this action to bear their own fees and costs.

Dated: May 9, 2016  PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Miriam Manning*
Miriam Manning
Counsel to E. Lynn Schoenmann,
Chapter 7 Trustee

---

[2] On May 5, 2016, the Debtor filed an *Objection to US Bank's Proposed Order Regarding The Court's Order Lifting The Automatic Stay* which may have caused a delay in the entry of the proposed order at issue.

DOCS_SF:90709.1 77351/001  3  CHAPTER 7 TRUSTEE'S STATUS CONFERENCE STATEMENT
Case: 15-03070  Doc# 22  Filed: 05/09/16  Entered: 05/09/16 17:27:18  Page 3 of 3